# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| TERRI DOYLE | : | DOCKET NO. 06-1521 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| ALLSTATE INSURANCE COMPANY AND ALLSTATE INDEMNITY COMPANY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

On July 31, 2006, Terri Doyle filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendants were Allstate Insurance Company and Allstate Indemnity Company (collectively, "Allstate"). Plaintiff alleges that her home was damaged as a result of Hurricane Rita. (Petition, ¶ 4). Allstate was plaintiff's homeowner's insurer at the time. *Id*. at ¶ 3. Plaintiff alleges that her repair estimates total $ 29,949.00. *Id*. at ¶ 5. Yet of that amount, Allstate tendered only $ 634.37. *Id*. Accordingly, plaintiff seeks a judgment declaring that all her damages related to Hurricane Rita are covered under Allstate's policy. (Petition, Prayer). Plaintiff also seeks damages for additional living expenses, additional time delays associated with repairing her dwelling, and associated grief and mental anguish. *Id*. at ¶ 13. Finally, plaintiff asks for penalties and attorney's fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220. *Id*. at ¶¶ 10-12.

On September 6, 2006, Allstate removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On October 6, 2006, plaintiff filed the instant motion to remand [doc. # 12] on the basis that the requisite threshold amount for the exercise of diversity

jurisdiction ($75,000+) is lacking. The matter is now before the court.[1]

In cases removed to federal court on the basis of diversity, it is incumbent upon the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)(citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)).[2]

We observe that plaintiff's repair estimates total $ 29,949.00 (less $ 634.37 already paid by Allstate).[3] Plaintiff agrees that depending on the retroactivity of the June 30, 2006, amendment, she may be entitled to 50% of $ 29,314.63 as a penalty under Louisiana Revised Statute 22:658. (*See*, Pl. Memo. pgs. 4-5). Plaintiff also seeks damages for living expenses, additional time delays associated with repairing her dwelling, and associated grief and mental anguish. It is not improbable that these damages could total $16,000 or more. Accordingly,

---

[1] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

[2] Plaintiff alleges that her claim, "including any and all statutory penalties that could apply, does not exceed $ 75,000." (Petition, ¶ 14). However, her quantum allegation omits her claim for attorney's fees, and thus does not suffice to create a presumption as to the amount in controversy. *See generally*, *De Aguilar v. Boeing*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[3] "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

before attorney's fees, plaintiff's damages total approximately $ 60,000.[4]

Some of the considerations for an award of attorney's fees under § 22:658 include: "the services needed to effect recovery, the degree of professional skill and ability exercised, the volume of work performed, the time devoted to the case, the result obtained, the amount in controversy, the novelty and difficulty of the questions involved, and the percentage fixed for attorney's fees in the plaintiff's contract." *Khaled v. Windham*, 657 So.2d 672, 680 (La. App. 1st Cir. 1995)(citation omitted). One court awarded as much as $ 25,000 in fees on a $ 19,000 homeowner's insurance claim. *Dixon v. First Premium Ins. Group*, 934 So.2d 134 (La. App. 1st Cir. 2006). Another court upheld an attorney's fees premised on a 1/3 contingency fee agreement. *Francis v. Travelers Ins. Co.*, 581 So.2d 1036 (La. App. 1st Cir. 1991). Either way, it is manifest that the potential attorney's fees award in this matter suffices to push the amount in controversy over $ 75,000.

In connection with her motion to remand, plaintiff has adduced an affidavit wherein she eschews any intent to recover damages of any kind (including attorney's fees) over $ 75,000. (*See*, Pl. Exh. 1). However, it is axiomatic that when resolving a motion to remand, we look at jurisdictional facts as they exist *at the time the case was removed. Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), *abrogated on other grounds*, *Marathon Oil Co. v. A.G.*

---

[4] Indeed, plaintiff has requested a trial by jury, which in state court is only available for claims that exceed $ 50,000. *See*, Petition, ¶ 16, La. Code Civ. Pro. 1732.
 Alternatively, since plaintiff has alleged consequential damages, these damages may be doubled pursuant to Louisiana Revised Statute 22:1220. If plaintiff has suffered as little as $16,000 in consequential damages, when doubled and coupled with the unpaid repair estimate, her damages before attorney's fees would total $61,314.63.

*Ruhrgas*, 145 F.3d 211 (5th Cir.1998)(*"ANPAC"*). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000)(citing, *ANPAC, supra*). Here, there was no ambiguity as to the amount in controversy at the time of removal. It was facially apparent that plaintiff's damages exceeded the jurisdictional threshold. Thus, we cannot consider plaintiff's post-removal stipulation in assessing the amount in controversy. *Gebbia, supra*.

For the foregoing reasons, the undersigned finds that defendant has established by a preponderance of evidence that the amount in controversy exceeds $ 75,000. We may properly exercise diversity jurisdiction. 28 U.S.C. § 1332. Accordingly,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 12] be DENIED.

IT IS FURTHER RECOMMENDED that plaintiff's request for costs, expenses, and fees be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on November 29, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE